Wm. A. Foster & Co., Inc. (Standard Rolling Mills, Inc.) *v.* United States

**No. 5983.**—Invoices dated Grevenbroich, Germany, July 24, 1936, etc.
Certified July 30, 1936, etc.
Entered at New York, N.Y., August 15, 1936, etc.
Entry No. 718840, etc.

(Decided February 18, 1944)

*Eugene R. Pickrell* (*Eugene A. Chase* of counsel) for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

Tilson, Judge: The five appeals listed in schedule A, hereto attached and made a part hereof, involve the proper dutiable value of eight different kinds of aluminum foil exported from Germany and entered at the port of New York between August 15 and November 25, 1936. The merchandise was appraised on the basis of foreign value. The plaintiff contends there is no foreign value for the merchandise and alleges that it should be appraised on the basis of export value.

The plaintiff's claim that there is no foreign value for this merchandise is based upon the contention, first, that no such or similar merchandise was sold or freely offered for sale to all purchasers in the ordinary course of trade in the principal markets of Germany for home consumption; and, second, that the market for such or similar merchandise for home consumption in Germany is restricted.

The evidence in the record before me establishes beyond question that such or similar merchandise to that here involved was not sold in Germany for home consumption at all, and also that the market for merchandise which is claimed to be such as or similar was restricted as to those who could purchase, and also as to the use to which it was to be put in Germany.

Therefore, based upon the evidence in this case, and following the decisions of our appellate court in *Goodyear Tire & Rubber Co.* v. *United States*, 11 Ct. Cust. Appls., 351, and *Cottman* v. *United States*, 20 C. C. P. A. 344, I find and hold that no foreign value existed for the involved aluminum foil during the dates of exportation thereof.

I come next to the question of whether or not the plaintiff has established an export value for the involved merchandise. For the purpose of establishing such a value, counsel for the plaintiff offered the evidence of two witnesses, and also one affidavit by Rudolf Gornandt and three affidavits by Otto Joeckel. The affidavit of Rudolf Gornandt is the identical affidavit which was in evidence in *Gerlach* v. *United States*, Reap. Dec. 5084, and *Nicholas Gal* v. *United States*, Reap. Dec. 5948.

The record shows that the price of this merchandise does not vary according to the quantity purchased. The affidavit, exhibit 6, to which is attached invoices in support of the statements .contained therein, together with the other evidence before me, shows that the price at which such or similar merchandise was offered for sale and sold to all purchasers in the principal markets of Germany, in the ordinary course of trade for exportation to the United States, as well as to other countries, packed ready for shipment, is represented by the entered value herein.

I, therefore, find and hold the proper dutiable export value of the merchandise covered by these appeals to be the entered value. Judgment will be rendered accordingly.